FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 NOV -9 AM 11: 21

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR411-063
)
ANTWAN LEVAR CROSS, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Antwan Levar Cross's Request for Amended Judgment. (Doc. 31.) In this motion, Defendant asks that the Court order either that his July 27, 2011 federal sentence run concurrently to a February 7, 2012 state sentence, or that he receive credit for the entirety of the time he spent in pretrial custody following arrest for the possession of firearm charge underlying his federal conviction. (Id. at 1.) For the following reasons, Defendant's motion is **DENIED**.

In the motion, Defendant reasons that his federal sentence should run concurrent to his state sentence because they are both based on the same offense conduct. (Id. at 1.) In this respect, however, Defendant is mistaken. When determining if sentences are based on the same conduct, the focus is on the conduct that resulted in the imposition of the original sentence, not a term of

imprisonment based on a parole revocation. In this case, the February 7, 2012 state sentence was imposed based on Defendant violating the terms of his probation, which was imposed based on an earlier state court conviction. While the basis for the state probation revocation was the same conduct that resulted in the federal sentence, the conduct that formed the original state conviction was unrelated to the conduct underlying Defendant's federal conviction.

In addition, Defendant seeks an order directing the BOP to credit towards his federal sentence all time he spent in custody from the time of his arrest to this Court's imposition of sentence. (Id. at 1-2.) However, the Bureau of Prisons ("BOP") is the entity authorized to compute sentences and award credit for any time served. See 18 U.S.C. § 3585(b)(1); United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) ("[T]he Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing."). Therefore, Defendant should seek relief from the BOP, not this Court.[1] In addition, this

---

[1] Following exhaustion of available administrative remedies, a prisoner may challenge the BOP's decision with respect to awarding credit for time served by filing a petition for habeas corpus in the district where the prisoner is confined and naming as respondent the warden of that facility. See United States v. Nyhuis, 211 F.3d 1340, 1345

2

Court, when sentencing Defendant, did not recommend to the BOP that he be awarded credit for his time in state custody.

SO ORDERED this 9th day of November 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

(11th Cir. 2000); <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991).